Case 4:22-cv-00298   Document 14   Filed on 06/24/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE RAFAEL RODRIGUEZ, | § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-22-00298 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Rene Rafael Rodriguez was injured in a car accident when Eugene Thompson, a United States Navy employee, rear-ended Rodriguez's car while driving a government-issued vehicle. Rodriguez sued the United States under the Federal Tort Claims Act, seeking damages for medical expenses, property damage, and lost wages. (Docket Entry No. 1). The United States moved to dismiss Rodriguez's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the court lacks subject-matter jurisdiction over Rodriguez's claim because the United States had not waived sovereign immunity. (Docket Entry No. 7). For the reasons that follow, the court denies the motion to dismiss.

The United States typically has sovereign immunity from any lawsuit. *See M.D.C.G. v. United States*, 956 F.3d 762, 767–68 (5th Cir. 2020). The Federal Tort Claims Act waives that immunity and gives federal courts jurisdiction over claims against the United States for personal injury damages, if the government employee who caused the plaintiff's injury was acting in the scope of his or her employment at the time of the injury. *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (citing 28 U.S.C. § 1346(b)).

The government argues that this court lacks jurisdiction over Rodriguez's Federal Tort Claims Act claim because Thompson was not acting in the scope of his employment at the time of the car accident. The government relies on two exhibits attached in support of its motion. The first is a Statement of Understanding for the Use of Government Motor Vehicles signed by Thompson; the second is an accident report submitted by Thompson's supervisor after the accident. The government argues that the court can rely on these exhibits in deciding its motion, because a court can decide factual disputes in determining whether it has jurisdiction.

The government seems to be using an inappropriate procedure to challenge Rodriguez's right to seek or obtain recovery. The Fifth Circuit has repeatedly held that when "subject-matter jurisdiction and merits questions are coterminous . . . '[r]esolution of the jurisdictional issue on a 12(b)(1) motion [is] improper.'" *Pickett v. Tex. Tech. Univ. Health Scis. Ctr.*, 2022 WL 2154726, at *10, --- F.4th --- (5th Cir. June 15, 2022) (quoting *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004)). Whether a government employee was acting in the scope of his or her employment when the incident in question happened is a jurisdictional issue that is also "intertwined with the merits" of a Federal Tort Claims Act claim. *Id.* For that reason, the Fifth Circuit has held that "in resolving whether a government employee was acting within the scope of his employment under the FTCA," a district court may apply only "a 12(b)(6) or summary judgment standard, not the Rule 12(b)(1) standard." *M.D.C.G.*, 956 F.3d at 769; *see also Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981); *Montez*, 392 F.3d at 150.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201."

*Inclusive Cmtys. Proj., Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). Rodriguez's complaint alleges that Thompson "was an employee of the Department of the Navy . . . and was acting in the course and scope of his employment" "at the time of the accident." (Docket Entry No. 1, at 2). There are no allegations in Rodriguez's complaint suggesting that Thompson was not acting in the scope of his employment at the time of the accident. *Cf. M.D.C.G.*, 956 F.3d at 769 (dismissing the complaint because the plaintiffs' allegations, accepted as true, showed that the government employee was not acting within scope of his employment). Dismissal under Rule 12(b)(6) is improper.

Even if the court considered the government's attached exhibits, they do not justify dismissal. The government argues that the accident report shows that "Thompson was on his way to pick his children up from daycare at the time of the accident." (Docket Entry No. 7, at 5). The accident report says that "the exact purpose" of Thompson's trip was to "drop off gov[ernment] vehicle." (Docket Entry No. 7-1, at 15). The report asks: "Was there any deviation from direct route?" Thompson replied: "Was running late so I picked up my kids." The report also asks: "Did the operator, while enroute, engage in any activity other than that for which the trip was authorized?" Thompson replied: "I picked up my kids from daycare before closing." (*Id.*).

Thompson's responses on the accident report suggest that he had already picked up his children at the time of the accident and was in the process of dropping off the government vehicle he was driving when the accident occurred. The report does not state that Thompson "was on his way to pick his children up from daycare at the time of the accident," as the government asserts. Whether Thompson was still in the course and scope of his employment is unclear. It is unclear whether he was on the personal business of driving to pick up his kids when the accident occurred; whether he had ended his work mission when he picked up his kids and was then continuing to

3

drive for that personal reason when the accident occurred; or whether he had already picked up his kids before the accident in a deviation from his work and then returned to his work mission at the time of the accident. Resolving these factual uncertainties may determine whether Thompson was acting in the scope of his employment at the time of the accident. *See Henderson v. Anderson*, Case No. 3:04-CV-0497-P, 2005 WL 8158124, at *3 (N.D. Tex. 2005) ("The crucial inquiry mandated by case law is an examination of the employee's actions *at the time of the accident*. . . . When an employee makes . . . a deviation, any subsequent events occurring *during the deviation* are beyond the scope of employment.") (emphasis added)).

Because the court may not address disputed factual issues to decide whether the court has jurisdiction over Rodriguez's FTCA claim, the government's motion to dismiss under Rule 12(b)(1) is denied. The court will determine its jurisdiction on a timely filed motion for summary judgment, after the parties have had an opportunity to exchange discovery. The court will set a scheduling order at the initial conference on **June 28, 2022, at 10:15 A.M.**, by Zoom.

Rodriguez's response to the government's motion to dismiss names Thompson as a defendant, in addition to the United States. But Rodriguez did not name Thompson as a defendant in his complaint. (*See* Docket Entry No. 1). If Rodriguez wishes to add Thompson as a new party, he must amend his complaint by **July 8, 2022**, and provide Thompson with a copy of the court's scheduling order.

SIGNED on June 24, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge